## HORBACH *v.* RILEY.

Vendor under articles selling the land under a judgment for the unpaid purchase-money, passes both the estate of his vendee and his own legal title discharged of the lien of the purchase-money and judgment, and hence is entitled to be paid in preference to liens on the vendee's title, prior to his own judgment.

APPEAL from the Common Pleas of Indiana.

*Oct.* 22. Horbach entered into articles to convey to Riley, who paid $50 of the purchase-money. Judgment was then recovered by the appellee against Riley. Subsequently to this judgment, Horbach brought covenant for the unpaid purchase-money under the articles, and judgment having been confessed, the land was sold thereunder at sheriff's sale, and Horbach purchased it. The court below awarded the proceeds to the earlier judgment, on the authority of Wilson *v.* Stoxe, 10 Watts, whereupon Horbach appealed.

*Williams* and *Foster*, for appellant, cited Wilson *v.* Stoxe, 10 Watts, 434 ; Day *v.* Lowrie, 5 Watts, 412; Love *v.* Jones, 4 Watts, 471.

No one appeared for the appellee.

*Oct.* 29. ROGERS, J.—In Day *v.* Lowrie, 5 Watts, 412, it is ruled that if a vendor of land who retains the legal title and enters a judgment for the purchase-money, sells the land in the possession of the vendee by execution, and purchases it himself, he thereby

rescinds the contract, and disables himself from making any further claim upon it. And as a consequence, from this principle the court ordered the proceeds of the sale to be paid to the judgment of the vendor in preference to a judgment entered subsequently to the date of the agreement, and prior to the judgment of the vendor. The appellant complains that the Court of Common Pleas, overlooking or disregarding the case cited, which in every particular is identically the same as the present, as well as Love *v.* Jones, 4 Watts, 470, ordered the proceeds of sale to the judgment-creditor of the vendee, to the exclusion of the vendor's judgment. The decree is avowedly made on the authority of the case of Wilson *v.* Stoxe, 10 Watts, 434. It would be no difficult matter to reconcile the cases of Wilson *v.* Stoxe, and Day *v.* Lowrie, as one was a purchase by a stranger, the other by the vendor; but we are willing to admit that the distinction is rather plausible than sound; that the law is the same whether the property be purchased by one or the other. It must be remarked that in Wilson *v.* Stoxe, Day *v.* Lowry was not cited on the argument, and that although Love *v.* Jones was cited, yet it is nowhere noticed in the opinion of the court. The groundwork of that opinion is, that by the sale the vendor's title did not pass to the sheriff's vendee. Granting the position, there is no gainsaying the conclusion. When the vendor sold the property, say the court, he sold not his legal title along with it, and a supposition that he did is the root of the fallacy. The execution was levied, not on the fee, but on the vendor's interest in it; for no man willingly sells his own estate on his own execution. But in this the court was in error, for that the vendee under such circumstances acquires the legal as well as the equitable estate, had been ruled in the two cases cited. I have some reason to believe that we were misled by the *dictum* of Mr. Justice Sergeant, in Day *v.* Lowrie, who did not advert to the previous decision in Love *v.* Jones. Had a third person, says the learned judge, purchased, the prior judgment-creditors of the vendee would have been entitled to payment from the proceeds of sale, because the equitable estate would still subsist, and remain liable to the original vendor in the hands of the new purchaser. The idea is, that in the former case the title of the vendor is extinct by the operation of the sale, but not so in the latter; that the sheriff's vendee takes the legal and equitable title in one case, but in the other it passes into the possession of the sheriff's vendee, subject to the payment of the unpaid purchase-money. But there is no reason for the distinction, resting either on principle or authority. It would be mischievous

in practice, by unnecessarily throwing obstacles in the way of sheriff's sales, creating uncertainty as to the amount of interest sold, or the nature of the estate which passes to the vendee. The experience of every day shows that property commands a higher price where the purchaser takes an out and out title, than where the sale is encumbered with restrictions. And such is the current of all the recent decisions; for now, however it may have been - formerly, property sold at judicial sales goes into the possession of the sheriff's vendee, divested of all liens whatever, except such as depend on very peculiar circumstances. That the court was mistaken in this view is also shown by authority, for in Love *v.* Jones the point is expressly ruled. That was a contest between the vendor and the judgment-creditors of the vendee, as to the proceeds of the sale of property by the sheriff on the execution of the vendor, who held the legal title, and where the land was purchased by a stranger. Mr. Justice Kennedy thus states the principle decided: "This case is also susceptible of another view, which opposes itself no less strongly to the claims of the creditors upon the money arising from the sheriff's sale. It is this: that where an executory contract has been made for the sale of the land, in pursuance of which the vendee has obtained possession thereof, but not the legal title, and the whole of the purchase-money having become payable in part, or the whole remains unpaid, the vendor institutes an action founded on the contract, and in affirmance thereof obtains a judgment for the recovery of the money under which he levies upon and sells the land, he must be considered as selling all that estate in the land, whatever it may be, which he agreed to sell and convey to the defendant. The vendor being the plaintiff in such case, and the owner of the legal estate, has the right to agree that such shall be the effect of the sale by the sheriff under the judgment; and in order that complete justice may be done to all concerned without delay, and with as little expense as possible, it is right and necessary that. the agreement of the plaintiff to this effect should be implied, from his having caused the land to be levied upon and sold under the judgment." This case is precisely in point, and explodes the distinction between a purchase by a stranger and the vendor, and had it been cited in Day *v.* Lowrie, we should have been spared the dictum of Mr. Justice Sergeant; and had both cases been adverted to in Wilson *v.* Stoxe, we should never have been troubled with this case. In Love *v.* Jones, it is treated as a question of remedy, and a decided preference is given to this proceeding over an action of ejectment, the only other mode known

to the laws of this state of enforcing payment of unpaid purchase-money. The reasons given by Mr. Justice Kennedy, in Love *v.* Jones, are of such force as to commend themselves to the mind of every person.   It is conceded in all cases, that if, by the sale at the instance of the vendor, the sheriff's vendee takes an out and out title that the legal and equitable estate is vested in him, discharged of all liens for the purchase-money, then the vendor, as a necessary consequence, is entitled in the first instance to the proceeds of sale.   This result, it must be admitted, is inevitable, for otherwise the debt of the vendor would be extinguished without his receiving one cent from the avails of the sale.   But this would be so unjust as not to be entertained for one moment.   It would, in truth, compel the vendor, in all cases where the estate of the vendee was encumbered with judgments, to resort to the action of ejectment, which has been conclusively shown to be so inadequate a remedy. Then does the sheriff's vendee take an absolute title to the estate? In the cases cited it is ruled that he does.   In both cases the court decreed the money to the vendor.   In one, the purchaser was a stranger—in the other, the vendor himself.   In Wilson *v.* Stoxe, it is taken for granted that the purchaser takes only the equitable estate of the vendee, without the court adverting to previous decisions wherein a contrary doctrine is most clearly held.   The judgment of the vendor, it is true, binds only the interest of the vendee. But by the execution and sale, the vendor elects to sell not only the vendee's title, but his own.   This, surely, he may do, unless it interferes with the rights of others.   This election or agreement is inferred from the very act of sale.   The vendor is estopped from denying the title of the vendee.   The rule adopted can injure no person.   The land is sold at its fee-simple value.   By the sale, the money; being substituted for the land, is distributed by the court in the order of their respective liens.   By this mode, justice is done to all the creditors at less expense and trouble than by the tedious and inadequate remedy by action of ejectment.

> Decree of the Court of Common Pleas reversed, and the money ordered to be applied in the first instance to the judgment of Abraham Horbach, the vendor.