## LILLIBRIDGE *v.* SARTWELL.

The purchaser of land under an agreement that no timber shall be cut until the land is paid for, has an interest in the timber which he may transfer, and his vendee may maintain an action for an injury to it. The stipulation being one which the owner of the land alone could enforce.

IN error from the Common Pleas of McKean county.

*July* 11. Case for cutting timber. It appeared that Keating had agreed to give a contract for land to Barnaby and Upton, upon their making certain improvements, and by the articles they were to pay for the land in annual instalments. It was further agreed that no timber should be taken off the land unless the payments were made in advance. Barnaby and Upton entered, made the improvements, and paid part of the price. They then sold the timber to Sartwell, the plaintiff, and afterwards transferred their interest in the land to defendant, who had notice of the sale of the timber, and afterwards entered into a new contract with Keating for the purchase of the land. The defendant cut down and carried away the timber: and for that, this action was brought.

The defendant contended, that until performance of the condition, Barnaby and Upton had no interest in the timber which they could transfer.

The court was of opinion the plaintiff might recover.

*Johnson*, for plaintiff in error.

*White*, contra.

Rogers, J.—We see no error in the charge of the court, or in the answers to the points. The defendant having notice of the sale of the timber to the plaintiff, stands in the same situation as the original vendors, as they cut the timber and converted it to their own use after the sale to Sartwell. They unquestionably would have been liable to suit for a violation of the contract. They would not be permitted to allege they had no interest in the timber which they undertook to sell, and, by their flimsy pretext, to pocket the purchase-money, and have the timber also. This is too plain for argument : and as they would not be allowed to commit waste or fraud, neither will the defendant, who stands in their shoes. What was the nature of the interest which was acquired in the timber is immaterial, as this is not a contest between him and the owners of the legal title : That has nothing to do with this controversy. But the truth is, the vendors have taken possession of the property under the agreement and made valuable improvements, acquired an equitable title to the whole tract, including the timber, on the solitary restriction intended for the benefit of the owner of the legal title, that no timber should be cut off the land unless payment was made in advance. In every other respect they are the owners of the soil and all that is on it, and it is idle to say that they had not such an interest as was the subject of sale, and that no action lies for a breach of the agreement. Had this action been either trespass or trover, there would have been difficulty in sustaining the suit : but it is a special action on the case.

This is the only and appropriate remedy.

Judgment affirmed.