## Vierheller's Appeal.

1. Where a sale of real estate, held by the defendant under articles of agreement, is made under a judgment of the vendor for purchase-money, the purchaser, whether he be the vendor or a stranger, takes the whole legal and equitable estate, and the proceeds go to the vendor to the extent of the unpaid purchase-money, without any regard to the date of his judgment. By virtue of *his title* the vendor is, to the extent of the unpaid purchase-money, the owner of the whole estate. The debt claimed under his contract of sale, and that for which his judgment was obtained, being the same, the lien of his judgment is not an independent lien upon the vendee's interest. So far as the land is concerned the judgment is but a remedy for enforcing the vendor's claims against the land, and does not add to *his rights* therein.

2. But, where the sale is not made under the vendor's judgment for purchase-money, but under a subsequent judgment against his vendee, the purchaser does not acquire the vendor's title, but only the equitable title of the vendee subject to the purchase-money due to the vendor, whose remedy is against the land. The vendor therefore is not entitled to any part of the proceeds of sale.

[Vierheller's Appeal.]

3. One of two judgment-debtors had a judgment against his co-debtor entered on the same day, with a judgment against both of them; and the real estate of the said co-debtor was subsequently sold at sheriff's sale under the judgment against the two: it was *Held* that the debtor having the judgment could not claim any part of the proceeds of sale in opposition to his own judgment-creditor. Though the two liens were of the same date, the equity of the creditor was superior to that of the debtor.

APPEAL from the decree of the District Court of *Allegheny county*.

This was an appeal by George Philip Vierheller, from the decree of the Court confirming an auditor's report relative to distribution of proceeds of sheriff's sale of the land of Christian Pack.

G. E. Warner and Jacob Painter, by articles of agreement, dated July 30, 1844, sold to Michael O'Neil a certain lot of ground situated in the reserve tract, for the sum of $850, to be paid in eight years from the date thereof; the deed to be made upon payment of the same. O'Neil took possession, and afterwards, by articles of agreement, dated August 22, 1851, sold the same lot of ground to Christian Pack for the sum of $4000. The last instalment of $850 was to be paid according to the original agreement between Warner and Painter and the said O'Neil. It was also stipulated that a good and sufficient deed was to be given when the consideration-money was all paid. Pack erected some improvements.

In pursuance of this purchase, Pack paid O'Neil $1500 of the purchase-money; and afterwards gave O'Neil a judgment for $683.40, being for part of said purchase-money, which judgment was entered September 3, 1852. There was also a judgment entered by Charles Swartz v. C. Pack, October 7, 1852, for $300. On the 2d day of November, 1852, Jacob Geyer and William Baxter entered a judgment against Christian Pack and Henry Vierheller, for 1003.13; and *on the same day, Henry* Vierheller had a judgment entered against Christian Pack for $1400. May 10th, 1853, this judgment was opened, the lien to remain as security. June 13, 1853, judgment confessed for $1400, interest from October 5, 1852. This judgment was assigned to *Philip* Vierheller, June 14, 1853. There was also a judgment entered by Conrad Van Buren v. Christian Pack, April 28, 1853, for $196.36. These constituted all the liens of record against Christian Pack.

The interest of *Christian Pack* in the land was levied on and sold on a *vend. ex.* issued upon the judgment of *Geyer & Baxter;* and Philip Vierheller became the purchaser for the sum of $1250.

The money was brought into Court, and, on motion, an auditor was appointed to report distribution.

He reported against allowing any part of the proceeds to the judgment of O'Neil—and also reported in favor of Geyer & Bax-

ter, in opposition to the claim of Philip Vierheller as assignee of Henry Vierheller. His report was confirmed.

Exception was taken: 1. That $683.40, less $114.52, with interest, should have been appropriated in satisfaction of the judgment of O'Neil *v.* Pack. 2. In not allowing $300, with interest, in satisfaction of the judgment of Swartz *v.* Pack. 3. In not distributing the balance, *pro rata,* between the judgments of Geyer & Baxter, and of Henry Vierheller, for the use of Philip the assignee.

*Shannon* and *Rogers* were for the appellant.

*Shaler* and *Stanton,* for appellees.

The opinion of the Court was delivered by

Lewis, J.—In Autwater *v.* Mathiot, 9 *Ser. & R.* 397, and Mc-Mullen *v.* Wenner, 16 *Ser. & R.* 18, it was held that judgments against vendors and vendees under articles of agreement bind the interests of each judgment-debtor, and nothing beyond. So that on a sale of the interest of the *vendor* on a judgment against him, the purchaser at sheriff's sale takes precisely his title subject to the equitable estate of the vendee, and the proceeds of the sale are distributed among the lien creditors of the vendor according to their priority. In like manner, on a sale of the *vendee's* interest the purchaser at sheriff's sale takes the equitable title subject to the payment of the unpaid purchase-money. The exception to this rule is, where the vendor obtains judgment for the purchase-money *and sells the land by means of process issued upon it.* In such a case it has been held that he "*must* be considered as selling all that estate in the land, whatever it may be, which he agreed to sell and convey to the defendant:" Love *v.* Jones, 4 *Watts* 471; Horbach *v.* Riley, 7 *Barr* 81. As this was the whole *legal* and *equitable* estate, it necessarily followed that the vendor was entitled to be paid out of the proceeds, not by virtue of the supposed lien of his judgment (for it was immaterial whether this was prior or subsequent to other judgments against the vendee), but by virtue of his paramount title as owner of the land. Any other principle of distribution would leave him without remedy for his money. It was thought in Wilson *v.* Stoxe, 10 *Watts* 436, and in Day *v.* Lowrie, 5 *Watts* 417, that this effect was produced only in cases where the vendor himself was the purchaser at the sheriff's sale. But this was contrary to the previous decision of the very point in Love *v.* Jones, and is at variance with the doctrine of the subsequent case of Horbach *v.* Riley, 7 *Barr* 81. Neither the title of the sheriff's vendee, nor the course of distribution, can depend upon the previous claims of the person

who happens to become the purchaser. Such an uncertainty with regard to the title to be obtained at the sheriff's sale would destroy competition, and lead to a great sacrifice of property, to the injury of all persons interested in the proceedings, except the vendor, and would give him such unfair advantages over others as could not be tolerated. The principle must therefore be considered settled, that where the sale takes place on the vendor's judgment for purchase-money, the purchaser, whether he be the vendor himself, or a stranger, takes the whole legal and equitable estate, and the proceeds go to the vendor to the extent of the unpaid purchase-money, without any regard whatever to the date of his judgment. By virtue of his title he is, to the extent of the unpaid purchase-money, the owner of the whole estate. As against his claim there is no estate on which his judgment can attach itself as a lien. The debt claimed under his contract of sale, and that for which his judgment is obtained, are one and the same. The lien of his judgment-debt, if any were held to exist, would be a lien subject to a prior lien for the same debt. This would be an absurdity as well as a mischievous impossibility. That he cannot thus separate his claim for the purchase-money from his title to the land, is manifest from the principle that he may be stripped of both by a lien against himself. A judgment or a mortgage against the vendor, whether prior or subsequent to the entry of his judgment for the purchase-money, would carry his judgment along with it. A conveyance of the land would have the same effect. On the other hand, if the vendor's judgment for the purchase-money was recognised as an independent lien upon the vendee's interest, the purchaser's title at sheriff's sale would depend, not upon the interest put up for sale, but upon the amount of purchase-money bid at the sale. If the purchaser happened to bid enough to pay off the judgment, this payment would be a satisfaction *pro tanto* of the purchase-money, and if the judgment was taken for the whole, the sheriff's vendee would take a clear title. If he bought for less, his title would be bound for the residue. The difficulties in the way of treating a judgment for the purchase-money as an independent lien on the equitable estate, and the mischiefs inevitably flowing from such a lien, have very properly induced the Court to treat it, so far as regards the land contracted to be sold, merely as a *remedy* for the enforcement of the vendor's claims, and not as adding anything to his *rights* in the land. The remedies are cumulative, but it is impossible that the rights should be so where the vendor had previously all of these that could exist in the land: Love *v.* Jones, 4 *Watts* 471 ; Horbach *v.* Riley, 7 *Barr* 83. In the case before us, the sale was not made by virtue of the vendor's judgment. As his title cannot be taken from him without his consent, there is no ground for holding that the purchaser at sheriff's sale acquired it

by his purchase under a stranger's judgment against his vendee. A judgment is a lien on every interest which the debtor had, and a sale under it can pass no more. A sheriff's sale may discharge liens, but it can pass no estates, except those which the debtor himself might dispose of. The purchaser at sheriff's sale, in this case, took the interest of Christian Pack in the premises, and holds subject to the purchase-money payable to O'Niel and to Warner and Painter. Their remedy is against the land. The proceeds of the sale were therefore properly withheld from them.

From the facts stated in the auditor's report, we regard the judgment in favor of Swartz as extinguished by the substitution of another in lieu of it, under an agreement with the equitable owner that it was to be satisfied.

Where one of two judgment-debtors has a judgment against the other, and both judgments are entered on the same day, and the land of one is sold by the sheriff, the other cannot claim any part of the proceeds against his own judgment-creditor. The liens are of equal priority as to time, but the equity of the creditor is superior to that of the debtor.

Decree affirmed.