## Canon *versus* Campbell.

A sheriff's sale of the interest of a vendee under articles of agreement, does not disturb the vendor's lien for the unpaid purchase-money, although the latter may have obtained a judgment against the vendee for the amount thereof, prior to the levy and sale; where the sale is not made under the vendor's judgment.

ERROR to the Common Pleas of *Fayette county*.

This was an ejectment by Hugh Campbell, in trust for A. H. Campbell, against James F. Canon, for a house and lot of ground in Uniontown, to enforce the payment of a balance of unpaid purchase-money.

On the 4th January 1856, Hugh Campbell, the vendor, obtained a judgment against James F. Canon, the vendee, for $373.38, the amount of unpaid purchase-money due to him, under the articles of agreement for the sale of the land. And on the 13th January 1855, he filed in the prothonotary's office, a deed conveying the premises to the vendee, dated the 28th July 1852, which was not to be delivered until the balance of the purchase-money was fully paid.

On the 26th December 1855, Hugh Campbell, the plaintiff, assigned this judgment to Dr. A. H. Campbell, to be prosecuted at his own risk and costs, and without recourse to the plaintiff. On the 4th August 1856, this judgment was revived by *scire facias*, for the use of A. H. Campbell, for the sum of $408.28.

On the 3d March 1857, the premises in question were sold by the sheriff, under an execution against James F. Canon, the vendee, at the suit of the administrators of Thomas Rankin, deceased, and purchased by John Canon for $800; to whom the sheriff made and acknowledged a deed, on the 10th March 1857.

This ejectment was brought on the 9th March 1857 and, on the 6th May 1857, the court allowed John Canon, the sheriff's vendee,

[Canon *v.* Campbell.]

to be admitted as a co-defendant; but when the cause came on for trial, on motion of the plaintiff's counsel, the court struck off the name of John Canon as a co-defendant.

The proceeds of the sheriff's sale were applied to the discharge of judgments against James F. Canon, prior in date to the plaintiff's judgment for the unpaid purchase-money.

The court below (GILMORE, P. J.) delivered the following charge to the jury :—

"The question made here is one of every day practice, and if not settled (as we supposed it was), it is high time it should be put to rest. By the laws of Pennsylvania, all the real estate of a debtor, whether it be legal or equitable, is bound by a judgment against him. The legal title to real estate may be in one, and the equitable estate in another, and judgments against vendor and vendee will be a lien only on their distinct estates. Thus, a judgment enforced against the vendor, will only dispose of the legal estate, and leave the vendee at liberty to comply with the agreement made to purchase. And so, a judgment against the vendee, when levied, will only sell the equitable interest of the vendee, and that will be measured by the amount of the purchase-money paid. Carrying out this principle, it is ruled, that a judgment given by the vendee, on the delivery of the deed, had a preference, as a lien, over prior judgments entered against the vendee before the acquisition of the legal title: Love *v.* Jones, 4 *Watts* 465; Auwerter *v.* Mathiot, 9 *S. & R.* 402. The same principle is also ruled in McMullen *v.* Wenner, 16 *S. & R.* 18; Vierheller's Appeal, 12 *Harris* 107. It is ruled also in the last-mentioned case, that when the estate is sold on the vendor's judgment for the purchase-money, the whole title passes to the purchaser; and whether he be the vendor or a stranger, the purchase-money is to be applied to the vendor's judgment, without respect to its date. The vendor is not paid the proceeds of his judgment because it is a lien, but because he was the owner of the paramount title. In this case also, the modification which the cases of Wilson *v.* Stoxe, 10 *Watts* 436, and Day *v.* Lowrie, 5 *Watts* 417, received in Horbach *v.* Riley, 7 *Barr* 81, was fully confirmed. In this case, the property was not sold under a judgment for the purchase-money. Nor does it matter that the plaintiff had a judgment on record for the amount of the purchase-money, at the time of the levy and sale. It was merely a remedy which he might, but which he did not use, to enforce his claim against the property. And why should this mere remedy operate to transfer his paramount ownership, and that, too, when he declares upon the very face of it, that he does not mean to part with his title (which gives him a superior remedy) until the purchase-money is paid ? The title of the purchaser is fixed on the moment of the sale. It cannot be enlarged, by the vendor appearing before the auditor, and claiming to take the money on his judgment."

[Canon v. Campbell.]

To this charge the defendant excepted; and a verdict and judgment having been rendered for the plaintiff, to be released on payment by the defendant of the sum of $406.90 within nine months, with interest and costs, the plaintiff removed the cause to this court, and here assigned for error: 1. The charge to the jury. 2. The striking off of John Canon's name as a co-defendant.

In this court, the death of James F. Canon, the vendee, was suggested, and John Canon was substituted, as the party next in interest.

*Kaine* and *Veech*, for the plaintiff in error, cited Stewardson *v.* Watts, 8 *Watts* 394–5; Love *v.* Jones, 4 *Id.* 473; Episcopal Academy *v.* Frieze, 2 *Id.* 16; Hewitt *v.* Huling, 1 *Jones* 35; Horbach *v.* Riley, 7 *Barr* 81; Day *v.* Lowrie, 5 *Watts* 412; Vierheller's Appeal, 12 *Harris* 107; Bradley *v.* O'Donnell, 8 *Casey* 281; Kerr *v.* Stiffey, 2 *Penn. R.* 176; Wilson *v.* Stoxe, 10 *Watts* 436; Lynch *v.* Dearth, 2 *Penn. R.* 111; Foster's Appeal, 3 *Barr* 80; Myers *v.* Myers, 1 *Casey* 100.

*J. B. Howell*, for the defendant in error, cited Vierheller's Appeal, 12 *Harris* 108; Jackson *v.* Catlin, 2 *Johns.* 248; Auwerter *v.* Mathiot, 9 *S. & R.* 397; McMullen *v.* Wenner, 16 *Id.* 21; Bradley *v.* O'Donnell, 8 *Casey* 279.

The opinion of the court was delivered by

THOMPSON, J.—It does not benefit the law to discuss or restate principles so well settled with us, as those involved in the main point in this case. The facts in it do not alter or modify the principles of the cases cited and relied on by the learned judge of the Common Pleas; and for the satisfactory views of the law, so accurately and clearly expressed by him, in his charge to the jury, we dismiss the first and second assignments of error.

As to the assignment of error in striking out the name of John Canon, who had previously been admitted as co-defendant, we cannot notice it here, for the record exhibits no objection to that being done, there being no bill of exception taken to the action of the court in the matter. He was substituted here, however, as the party next in interest, on the suggestion of the death of James F. Canon, the vendee of the plaintiff below, and has had the full benefit of the point raised by the first and second assignments of error, and there was nothing else in the case.

The judgment is affirmed, and the time for payment of the conditional verdict and judgment is enlarged, to the 17th day of January, A. D. 1860.