In re CLARK.

(District Court, M. D. Pennsylvania.  November 5, 1902.)

No. 45.

1. VENDOR OF LAND UNDER ARTICLES IN PENNSYLVANIA—LIENS.
    Under the law of Pennsylvania, a vendor of land, by contract to convey, on payment of the purchase price, has no lien on the land distinct from his legal estate in it.

2. BANKRUPTCY OF VENDEE—SALE OF REMOVABLE STRUCTURES—LIENS.
    Where, therefore, the vendee becomes bankrupt, the proceeds obtained by his trustee from the sale for removal of structures, such as greenhouses placed on the land by the vendee, belong to the general creditors, and not to the vendor, whether such structures be removable fixtures or part of the realty.

In Bankruptcy.  On exceptions to report of referee disallowing claim of Charles J. Church to proceeds of sale of greenhouses.

A. D. Dean, for claimant.

A. V. Bower, for trustee.

ARCHBALD, District Judge.  The bankrupts were florists, and were the owners, among other things, of certain green and hot houses constructed in the usual fashion, with sashes of glass set in wooden frames, and supplied with steam pipes for heating.  When the trustee took possession he found these houses in a very dilapidated condition, and on application to the court he was permitted to make private sale of the glass and piping, which were in danger of being destroyed by a collapse of the buildings.  From this sale he realized $850, and this is the sum in controversy.

The land on which the green and hot houses stood was purchased by the bankrupts from Jos. and Chas. J. Church by articles of agreement, September 15, 1886, for $2,675, which was payable in certain installments, and was entirely due and unpaid at the time the proceedings in bankruptcy were instituted.  In case of a default the contract provided that an action of ejectment might be entered for the land, and judgment confessed therein, with leave to issue a writ of hab. fa. to take possession, and on the strength of this such a judgment was confessed in the common pleas of Lackawanna county, Pa., where the land was situated; but, as this was not done until after an adjudication had been made against the bankrupts, no further steps were taken.

The present fund is claimed by Church on the ground that the green and hot houses were a part of the realty; but the referee held that they were removable fixtures, and therefore rejected the claim. Without passing upon that question, I am of the opinion that the fund belongs to the general creditors.  A vendee under articles in Pennsylvania has an equitable interest in the land, and is regarded as the real owner of it, subject only to the payment of the purchase money to the vendor.  While the land is answerable at all times therefor, the vendor has no lien upon it in the sense that he has any direct claim, aside from his legal estate or the remedy which he has by reason of this against it (Appeal of Vierheller, 24 Pa. 105, 62

Am. Dec. 365), although the mistake is sometimes made of supposing that he has, and the distinction is not always kept clear. Several remedies, however, are open to him to enforce his claim. He may bring an action on his legal title, and obtain a conditional verdict by which the equities of the vendee will be cut off unless the condition is complied with; or he may sue and recover a money judgment (or enter up one by confession, if he has it), and sell out the property on execution. In the latter case it will be assumed that he intends to have the whole estate, legal as well as equitable, pass to the sheriff's vendee, and, in consideration of parting with the legal estate in this way, the purchase money will be first paid out of the proceeds. Love v. Jones, 4 Watts, 471; Horbach v. Reilly, 7 Pa. 81; Appeal of Vierheller, 24 Pa. 105, 62 Am. Dec. 365. But as is well said by Gilmore, P. J., in Canon v. Campbell, 34 Pa. 309: "The vendor is not paid the proceeds of his judgment because it is a lien, but because he is the owner of the paramount title." The estate of the vendor and that of the vendee are in fact distinct, each having its own characteristics and incidents, and being subject to its own liens and ownership. Auwerter v. Mathiot, 9 Serg. & R. 397; McMullen v. Werner, 16 Serg. & R. 20, 16 Am. Dec. 543; Kerr v. Stiffey, 2 Pen. & W. 174; Catlin v. Robinson, 2 Watts, 373; Appeal of Vierheller, 24 Pa. 105, 62 Am. Dec. 365. In the present instance the sashes and piping which the trustee sold, whether removable fixtures or permanent improvements, belonged to the bankrupt vendees as part of their equitable estate, and were subject to their disposition as such. They were owners of these structures the same as they were of the land on which they had been set up, and, subject only to the possible right of the vendor to restrain them on the ground of waste, they could sever and sell them at their pleasure. In the same way, if the land was covered with growing timber (Lillibridge v. Sartwell, 8 Pa. 523) or underlaid with minerals, or had a quarry, or a sand, clay, or peat bed, upon it, as owners they could cut, mine, or dig either of these products, or permit others to do so, without responsibility or question. If their whole interest in the land was sold (other than at the instance of the vendor), while the purchaser would undoubtedly take subject to the ultimate payment of the purchase money, the vendor, according to the authorities cited, would have no lien or claim upon the proceeds, but would be remitted to his remedies against the land in the hands of the purchaser. Much less, then, would he have any such claim on what was realized from a sale of something less than the whole, even though it were an integral part of it, and its removal constituted a stripping or dismantling of the property.

Nor is this affected in the case in hand by the fact that the vendor entered up a judgment in ejectment with a view to the possession of the property. This was subsequent to the adjudication, and therefore subject to it; but, aside from this, it was a general, and not a conditional, judgment, and did not, therefore, cut off the equities of the bankrupts or devest their ownership.

The exceptions are dismissed, and the report of the referee is confirmed.